**E. Lennea SLAGLE, Appellant (Petitioner),**

v.

**WYOMING STATE BOARD OF NURSING, Appellee (Respondent).**

**No. 96–265.**

Supreme Court of Wyoming.

April 1, 1998.

Bruce S. Asay of Associated Legal Group, LLC, Cheyenne; and James L. Norris, Bismarck, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and John S. Burbridge, Assistant Attorney General, Cheyenne, for Appellee.

Before THOMAS, MACY, GOLDEN and LEHMAN, JJ., and KAUTZ, District Judge.

KAUTZ, District Judge.

Appellant claims the Wyoming State Board of Nursing violated her constitutional right to due process when it suspended her license as an "Advanced Nurse Practitioner" (ANP) for one month. Appellant petitioned the district court for review of the suspension order, and the district court certified the matter to this court under W.R.A.P. 12.09(b). We hold that the suspension of appellant's license as an ANP was entered in violation of her constitutional right to due process, and, therefore, reverse.

## I. ISSUES

Appellant, E. Lennea Slagle (Slagle), defines the issues as follows:

### ISSUE I

Wyoming law does not require Slagle to have separate recognition or separate licensure of her specialties.

### ISSUE II

The Board's Findings of Fact and Conclusions of Law are not based on substantial evidence, are mistakes of law, or are based on unconstitutional conduct by the Board.

### ISSUE III

The Board's Findings of Fact and Conclusions of Law that Slagle fraudulently falsified her 1993 application are outside the pleadings and further, lack substantial evidence of any fraudulent conduct on the part of Slagle.

The Wyoming State Board of Nursing (Board), as appellee, states the issues as:

I. Whether the Board's decision is supported by substantial evidence of record.

II. Whether Wyoming law requires separate qualification and recognition of specialty areas for advanced practitioners of nursing.

III. Whether the Board afforded Slagle proper due process of law in hearing this matter.

IV. Whether the court can consider appellant's third issue of Board findings and conclusion outside the pleadings as it is not supported by cogent argument or pertinent authority.

Slagle filed a reply brief which repeated its principal brief and is disregarded by this court.[1]

___

1. We have previously addressed redundant reply    briefs:

## II. FACTS

In 1993, Slagle applied for and received a license as an ANP from the Board. That license designated a specialty as a "geriatric nurse practitioner." As an ANP, Slagle treated prisoners in the Fremont County, Wyoming jail.

On March 1, 1995, the Board received a complaint against Slagle from a prisoner in the Fremont County jail. On March 20, 1995, the Board asked Slagle to send information about her adult nurse practitioner standing. The Board's notice advised Slagle that her license was limited to geriatric clients/patients. The notice did not notify Slagle of the complaint or that the Board was considering disciplinary action.

Slagle immediately wrote to the Board indicating she believed she was licensed to practice adult nursing and discussed her qualifications. She included attachments showing substantial training completed in the specialty area of adult/geriatric advanced nursing practice. On April 12, 1995, Slagle sent the Board descriptions of course work taken during her graduate program, a copy of her transcript from the University of Utah, and other supplemental information. Approximately three months later, the Board called Slagle to relate she should obtain a specialty license for "adult" practice to treat non-geriatric patients. The Board representative again did not advise Slagle there was a disciplinary matter before the Board or that disciplinary action could result. Slagle once again sent information telling of her qualifications and requested that her license indicate specialties of both geriatrics and adults. The Board apparently did not respond, as no response is found in the record.

In March, April and August, 1995, Slagle's supervising physician and the director of the University of Utah nursing program sent information to the Board about Slagle's qualifications to treat adults. The Board did not respond to this information either.

On August 22, 1995, the Board's Disciplinary Committee issued a "Cease and Desist Order" to Slagle which dismissed the jail inmate's complaint against Slagle, but found that Slagle had violated the Board's rules and the Wyoming Nursing Practice Act by treating "adults" (as opposed to "geriatric" patients). The order also directed Slagle to stop treating non-geriatric patients.

Slagle continued to treat adult patients. On October 30, 1995, the Board filed its own complaint against Slagle which alleged that Slagle exceeded the limits of her license by treating adult patients who were not "geriatric" patients. The complaint did not allege that Slagle had violated the "Cease and Desist Order," nor did it allege that Slagle submitted false information in her 1993 application. In March 1996, the Board conducted a hearing on its complaint against Slagle, and in June 1996, the Board suspended her license for one month. The Board's decision was based, in part, upon a finding that "Slagle violated the Wyoming Nursing Practice Act * * * when she continued to treat adult patients after receiving * * * the August 28, 1995 cease and desist order." The decision also found that Slagle "practiced fraud and deceit" in submitting untruthful information to the Board in her 1993 application.

In January 1996, the Board issued a license to Slagle indicating she could treat both adults and geriatric patients.[2]

## III. STANDARD OF REVIEW

The Wyoming Nursing Practice Act, Wyo. Stat. §§ 33–21–119 through 33–21–156 (1997), provides for judicial review of the actions of the Board pursuant to the Wyoming Admin-

A reply brief is "limited to those new issues and arguments raised by the brief of appellee." WYO.R.APP.P. 7.03. Because appellant's reply brief stated that it would "emphasize again" and "reexamine," it was disregarded by this court. *Furman v. Rural Elec. Co.,* 869 P.2d 136, 139 (Wyo.1994). Slagle's reply brief breaches W.R.A.P. 7.03 by rehashing issues and arguments addressed in her principal brief, citing numerous times to numerous pages in the principal brief.

The reply brief implores this "Court refer to and re-read Slagle's Argument II [in her principal brief] again as if fully set forth herein." Therefore, the reply brief is disregarded.

2. Neither the Wyoming Nursing Practice Act nor the Board's rules and regulations as contained in the record include any definitions of "adult" or "geriatric."

istrative Procedure Act. The scope of the review provided for in the Wyoming Administrative Procedure Act is found at Wyo. Stat. § 16-3-114 (1997):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

\* \* \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

\* \* \*

(B) Contrary to constitutional right, power, privilege or immunity;

\* \* \*

(D) Without observance of procedure required by law[.]

## IV. DISCUSSION

■ The Fourteenth Amendment to the United States Constitution and Wyo. Const. art. 1, § 6 guarantee the right to due process before a governmental agency may interfere with one's property interest in a professional license or one's liberty interest in a right to earn a living. Due process guarantees apply to administrative proceedings which restrict or limit a professional license. Slagle's license as an ANP is a conditional property right and encompasses a liberty interest, similar to other types of licensed rights to work. *See Roush v. Pari-Mutuel Com'n of State of Wyo.*, 917 P.2d 1133 (Wyo.1996); *Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Bd.*, 898 P.2d 878 (Wyo.1995); *Devous v. Wyoming State Bd. of Medical Examiners*, 845 P.2d 408 (Wyo.1993); *Garrison v. Board of Trustees of Memorial Hosp. of Laramie County, Wyo.*, 795 P.2d 190 (Wyo.1990); *Paravecchio v. Memorial Hosp. of Laramie County*, 742 P.2d 1276 (Wyo.1987), *cert. de-*

*nied*, 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988); and *Fallon v. Wyoming State Bd. of Medical Examiners*, 441 P.2d 322 (Wyo.1968).

Statutes, as well as constitutional provisions, require due process before a license may be infringed upon by an administrative agency. The Wyoming Administrative Procedure Act states:

No revocation, suspension, annulment or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

Wyo. Stat. § 16-3-113(c) (1997).

In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice served personally or by mail.

Wyo. Stat. § 16-3-107(a) (1997).

The notice shall include a statement of:

\* \* \*

(iv) A short and plain statement of the matters asserted.

Wyo. Stat. § 16-3-107(b)(iv).

The same principle is found in the Wyoming Nursing Practice Act, at least with respect to denial or revocation of licenses:

No license to practice nursing may be revoked or denied by the board without affording the licensee or applicant due process of law.

Wyo. Stat. § 33-21-147.

Slagle's license to practice—a property right—and her right to earn a living—a liberty interest—are so fundamental that such rights cannot be restricted by agency action without the agency first giving notice of the alleged grounds for sanctions. Notice is required constitutionally and by statute. *See Devous*, 845 P.2d at 416 and Wyo. Stat. §§ 16-3-113(c) and 16-3-107(b).

■ The complaint used to suspend Slagle's license contained absolutely no reference to any alleged violation of the "Cease

and Desist Order" nor to false statements on her 1993 application. It gave her no notice that the Board would consider these alleged violations as a basis for discipline. However, the Board considered such allegations, made specific findings of fact and conclusions of law about these matters, and then used them as bases for its decision. Such lack of due process is prohibited by the Wyoming and United States Constitutions, and violates Wyo. Stat. § 16–3–113(c).

The Board's failure to give Slagle notice requires that its action be set aside because it was "[c]ontrary to constitutional right" and "[w]ithout observance of procedure required by law * * *." Wyo. Stat. § 16–3–114(c)(ii)(B) and (D).

## V. OTHER CLAIMS

The Board's failure to afford due process to Slagle is dispositive of this matter and requires reversal of the order suspending her license for one month. It is unnecessary to decide Slagle's issues regarding substantial evidence or whether an ANP is limited to practice in an area of specialty.[3]

## VI. CONCLUSION

The Board filed its own complaint against Slagle and suspended her license for one month on the basis of matters entirely foreign to that complaint. That suspension is a restriction on her property right to her license and liberty interest to earn a living. It was made without providing her due process. The decision of the Wyoming State Board of Nursing is reversed.

---

**3.** Although we do not decide whether an ANP is limited to practice only in a specialty area, we note that the Board found that its application forms, procedures and rules are unclear on this issue.